United States District Court
Southern District of Texas
**ENTERED**
February 25, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETER DAVIS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-1561 |
| | § | |
| JOSE CHAPA LAW FIRM, PLLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

### ORDER

Pending before this Court is Defendant Jose Chapa Law Firm, PLLC's ("Chapa") Motion to Dismiss under Rule 12(b)(6). (Doc. No. 8). Having considered the motion and the relevant pleadings, the Court **GRANTS** the Motion, (Doc. No. 8), and **DISMISSES** Plaintiff's Original Complaint without prejudice. (Doc. No. 1).

### I. Background

This case arises from allegations of misconduct against the defendant, The Chapa Law Firm, PLLC (incorrectly named as Jose Chapa Law Firm) ("CLF" or "Defendant"). The Plaintiff, Peter Davis Jr. ("Davis" or "Plaintiff"), alleges that CLF's conduct as Plaintiff's counsel in the underlying matter constituted racketeering, extortion, and conspiracy. (Doc. No. 1 at 2). Plaintiff alleges that he hired CLF at some point in 2021 to represent him after he was injured in an accident and underwent surgery. (*Id.*). Apparently, there was no written arrangement at that time. Plaintiff alleges that on August 11, 2023, he received a call from CLF conveying a $60,000 settlement and a breakdown of expenses, including attorney fees. It also apparently tendered him a written fee agreement giving CLF a 33% contingency fee. Plaintiff alleges that CLF refused to provide him with the list of expenses because Plaintiff would not execute the fee agreement. Plaintiff then

contacted the State Bar of Texas to report the conduct. The report was allegedly investigated and, the Bar found no wrongdoing.

Plaintiff contends that on November 9, 2023, a different attorney at CLF brought him two additional offers, and then a "ridiculous third offer"[1] of $50,000, which was below the first offer. Plaintiff assumes the offer was to deter him from asking for a full breakdown of the entire settlement. Plaintiff's claims seem to stem from CLF's refusal to provide him with any itemization of the expenses related to the claim or arising from Plaintiff's injury with the settlement agreement. The resolution of the underlying case and claim in question has not been made clear to the court. Based on these allegations, Plaintiff asks that the defendant pay monetary damages.

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[1] By the Court's count, however, this would have been the fourth offer, not the third.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 609 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

CLF filed a Rule 12(b)(6) motion arguing that Plaintiff has not pleaded sufficient facts to establish any viable claims. (Doc. No. 8). The Court agrees.

First, Plaintiff alleges that CLF engaged in racketeering. Among other requirements, to establish a pattern of racketeering activity, a plaintiff must show a relationship between the predicate offenses and a threat of continuing activity. *Malvino v. Delluniversita*, 840 F.3d 223, 231 (5th Cir. 2016). The two sub-parts of racketeering activity are termed "relationship" and "continuity." *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 205 (5th Cir. 2024). The plaintiff must plead facts that indicate a connection between the different predicate acts, and then show that those acts are ongoing or could happen in the future. Plaintiff's allegations do not set out any relationship or continuity because he only references himself as a client of CLF. Furthermore, RICO requires an enterprise that is not related to the defendant. Plaintiff would have to show a pattern of activity by CLF that is separate from the enterprise itself. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). The Complaint fails to allege a consistent pattern of activity, and it

does not allege any enterprise separate from that pattern of activity. Here, the only parties mentioned are CLF, the Plaintiff, and the State Bar.

Plaintiff's second claim charges CLF with extortion. While Plaintiff does reference extortion, the Complaint cites only one statute—18 U.S.C. § 873. (Doc. No. 1 at 1). Section 873 is a federal criminal statute and does not give rise to a private cause of action. *Vella v. McCammon*, 1986 WL 15772, at *2 (S.D. Tex. July 29, 1986) (citing *Fiorino v. Turner*, 476 F. Supp. 962 (D. Mass. 1979)). Even if Plaintiff intended to plead a state civil extortion claim, Texas does not recognize civil extortion as a cause of action. *See Kennedy Ship & Repair, L.P. v. Loc Tran*, 256 F. Supp. 2d 678, 686 (S.D. Tex. 2003) (holding that an exhaustive examination of the case law revealed no case in which a Texas court recognized civil extortion as a cause of action).

Plaintiff's last claim alleges that CLF engaged in a conspiracy. A civil conspiracy claim cannot stand alone; it must be based on an underlying tort. *Aiken v. Rimkus Consulting Grp. Inc.*, 333 F. App'x 806, 812 (5th Cir. 2009). Plaintiff's conspiracy allegations contain only conclusory references to the above-mentioned criminal statute, which recognizes no private cause of action. Further, Plaintiff does not allege the existence of more than one private party, and a corporation cannot conspire with itself. Based on the above analysis, Plaintiff has not presented sufficient factual allegations to support his claims against CLF, and as such, his claim must be dismissed.

### IV. Conclusion

Based on the foregoing analysis, the Court finds that Plaintiff Peter Davis, Jr. has failed to state a claim on which relief can be granted, and the Court therefore **GRANTS** Defendant's Motion to Dismiss without prejudice. (Doc. No. 8).

Signed this 25th day of February, 2025.

Andrew S. Hanen
United States District Judge